J-A06029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: J.L., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: BERKS COUNTY CHILDREN AND YOUTH SERVICES | No. 1660 MDA 2015 |

Appeal from the Order Entered August 28, 2015
In the Court of Common Pleas of Berks County
Juvenile Division at No(s): CP-06-DP-0000141-2014

*****

| | |
|---|---|
| IN THE INTEREST OF: J.L., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: BERKS COUNTY CHILDREN AND YOUTH SERVICES | No. 1661 MDA 2015 |

Appeal from the Order Entered August 28, 2015
In the Court of Common Pleas of Berks County
Juvenile Division at No(s): CP-06-DP-0000142-2014

*****

| | |
|---|---|
| IN THE INTEREST OF: S.H., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: BERKS COUNTY CHILDREN AND YOUTH SERVICES | No. 1662 MDA 2015 |

Appeal from the Order Entered August 28, 2015
In the Court of Common Pleas of Berks County
Juvenile Division at No(s): CP-06-DP-0000143-2014

J-A06029-16

*****

IN THE INTEREST OF: J.B., A MINOR

APPEAL OF: BERKS COUNTY CHILDREN
AND YOUTH SERVICES

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1663 MDA 2015

Appeal from the Order Entered August 28, 2015
In the Court of Common Pleas of Berks County
Juvenile Division at No(s): CP-06-DP-0000144-2014

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED FEBRUARY 09, 2016**

Berks County Children and Youth Services (the Agency) appeals from the order requiring it to pay a portion of the expenses incurred each month by H.C. (Grandmother) to care for J.L., S.H. and J.B. (Grandchildren). Upon review, we grant the Agency's motion to dismiss the appeal.

The Agency filed a petition for dependency of Grandchildren on April 16, 2014. On July 10, 2014, Grandchildren were adjudicated dependent and the Agency transferred temporary legal and physical custody to Grandmother. At a status conference on August 28, 2015, the court ordered the Agency to "pay the shortfall every month" regarding Grandmother's expenses in caring for the Grandchildren. Trial Court Order, 8/28/15. The Agency filed a timely appeal of the order, asserting, among other things, that the trial court abused its discretion by requiring the Agency to pay the shortfall without any limitations or restrictions on Grandmother's spending.

- 2 -

On January 27, 2016, the Agency filed a motion to dismiss the appeal because supervision of the Grandchildren was terminated based upon a stipulation of the parties and pursuant to Pennsylvania Rule of Juvenile Court Procedure 1631.[1]  Thus, the Agency argues that the appeal is moot since the Agency is no longer a party to any proceedings involving the Grandchildren.

We note that

> [a]s a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot.  An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.

*In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002).  An order closing a dependency case during the pendency of an appeal implicates the mootness doctrine. *Id.*

Instantly, the Agency's supervision was terminated because the Grandchildren now live in Lehigh County and will receive services from that county's Children and Youth Services, which satisfies the requirements of Pa.R.J.C.P. 1631.  Thus, we find that "no party to the controversy will suffer some detriment due to the decision of the trial court." *D.A.*, *supra* at 616.

Appeal dismissed.

_____

[1] The rule provides "for the termination of supervision when court-ordered services from the county agency are no longer needed" and other requirements are met.  Pa.R.J.C.P. 1631(A).  Here, supervision was terminated because jurisdiction of the case has been accepted by Lehigh County and the Grandchildren will be receiving services through Lehigh County Children and Youth Services.  *See* Pa.R.J.C.P. 1631(A)(12).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/9/2016</u>